UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOHN WILEY & SONS, INC.,

                   Plaintiff,      12 Civ. 2968 (RWS)

   - against -

                                    OPINION

JOHN DOES NOS. 1-35,

                 Defendants.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    DUNNEGAN LLC
    350 Fifth Avenue
    New York, NY 10118
    By: Samantha Anne Morrissey

    Pro Se Defendant

    IP ADDRESS 74.68.143.193

1

**Sweet, D.J.**

Plaintiff John Wiley & Sons, Inc. ("Wiley" or the "Plaintiff") has alleged that unidentified "John Doe" defendants (the "Defendants") used peer-to-peer file-sharing software to illegal copy and distribute Wiley's copyrighted works and infringe on Wiley's trademarks.

One of the John Doe defendants, identified as John Doe No. 25 or IP Address 74.68.143.193 ("Doe No. 25" or the "Defendant") has moved to quash a subpoena served on the Defednant's internet service provider ("ISP"), Time Warner Cable. ("TWC").

Based on the conclusions set forth below, the Defendant's motion is denied.

**Factual Background and Prior Proceedings**

The following facts are drawn from the complaint (the "Complaint").

Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business in Hoboken, New Jersey. (Compl. ¶ 5). Founded in

2

1807, it is one of the world's largest publishers of books and journals. (Id. ¶ 8). According to the Complaint, Wiley invests significant monies to publish its copyrighted works and earns a substantial portion of its revenue from the publication of its copyrighted works. (Id. ¶¶ 9-10).

Defendants are natural persons whose identities, at the time of the Complaint, were unknown to Wiley. Wiley has alleged that Defendants used internet protocol addresses ("IP addresses") to access, copy and distribute Wiley's copyrighted works through the networks of their ISPs. (Id. ¶ 6). Wiley has contended that Defendants, without consent, have made copies of Wiley's copyrighted trade books through peer-to-peer files sharing software known as BitTorrent ("BitTorrent") (Id. ¶ 13).[1]

When using BitTorrent software, users simultaneously receive and send portions of a particular file. (Id. ¶ 14). By exchanging these pieces of data with numerous other users, or "peers," BitTorrent users receive and distribute copies of the entire work. (Id.). After completing a download, a BitTorrent user continuously distributes copies of the file to other peers until he or she manually disconnects from the software. (Id.).

---

[1] In its Complaint, Wiley has appended a schedule identifying the IP Address, the ISP serving that address, the name and copyright registration number of the work downloaded, and the date, time and location at which the download occurred. (See Compl. at Schedule A).

3

The Complaint has contended that, by using BitTorrent software to download and distribute Wiley's copyrighted works, the Defendants are contributing to a problem that threatens the profitability of Wiley by infringing and inducing other to infringe on the Company's copyrighted works.  (Id. ¶¶ 15-16).

On April 13, 2012, Wiley filed its Complaint against John Does Nos. 1-35.  On April 19, 2012, Wiley filed an ex parte motion for an order authorizing the issuance of subpoenas on certain ISPs to obtain subscriber information for the IP addresses identified in Schedule A.  On April 25, 2012, this Court granted Wiley's application and authorized issuance of seven ISP subpoenas, including a subpoena to TWC for the identifying information of Doe. No. 25.

On October 9, 2012, Doe No. 25 filed the instant motion to quash, which the Plaintiff opposed on October 11, 2012.  The motion was marked fully submitted on October 31, 2012.

**The Applicable Standard**

Under Rule 45 of the Federal Rules of Civil Procedure,

4

a court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Courts in this Circuit have recognized that "the First Amendment's protection extends to the Internet." Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556, 562 (S.D.N.Y. 2004) (citing cases). Thus, "[t]o the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity." Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir. 2010).

The First Amendment, however, does not provide absolute protection. See Sony Music, 326 F. Supp. 2d at 562-63 ("Parties may not use the First Amendment to encroach upon the intellectual property rights of others."). Therefore, "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment." Arista Records, 604 F.3d at 118.

In considering whether a defendant's identity was protected from disclosure by the First Amendment, courts in this Circuit have considered five factors: 1) whether plaintiffs have made "a concrete showing of a prima facie claim of actionable

5

harm"; 2) the "specificity of the discovery request"; 3) "the absence of alternative means to obtain the subpoenaed information"; 4) "a central need to obtain the subpoenaed information to advance the claim"; and 5) "the party's expectation of privacy." Sony Music, 326 F. Supp. 2d at 564-65. These factors are "an appropriate general standard for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted." Arista Records, 604 F.3d at 119.

**Discussion**

Doe No. 25 has provided her name and address with her motion and therefore Wiley has argued that her motion is therefore moot. However, as in a similar litigation, Magistrate Judge James L. Cott held that a Doe defendant's motion to quash was "not moot merely because Cablevisions ha[d] already responded to the subpoena . . . ." John Wiley & Sons, Inc. v. John Doe Nos. 1-30, No. 12-3782(LTS)(JLC) (S.D.N.Y. May 11, 2012) (Memorandum and Order of Judge Cott, September 19, 2012, Dkt. No. 14). Accordingly, the merits of the case will be addressed.

Here, each of the Sony Music factors favor the

disclosure of Doe No. 25's identity.  First, Plaintiff has made a showing of copyright infringement.  "A prima facie claim of copyright infringement consists of two elements: '(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original.'"  Sony Music, 326 F. Supp. 2d at 565 (quoting Arden v. Columbia Pictures Indus., Inc., 908 F. Supp. 1248, 1257 (S.D.N.Y. 1995)).

Plaintiff has alleged that they are the owners of the registered copyrighted works, which Doe No. 25 is alleged to have copied.  Further, specific details regarding unlawful copying and distribution, including the date and time at which the copying occurred, the file-sharing software used and the IP address of the Doe No. 25 has been provided.

Second, Plaintiff's discovery request is sufficiently specific.  The request seeks concrete and narrow information, as to the identity of Doe No. 25 in order to serve process, based on the date and time when they downloaded or distributed specific copyright sound recording.

Third, Plaintiff has demonstrated the absence of alternative means to obtain the subpoenaed information.  Wiley has submitted that "BitTorrent in largely anonymous," and that

7

they could not "determine the true identity and contact information of each of the defendants without obtaining information from the ISPs by subpoena." (Dunnegan Decl. ¶¶ 5-6). Doe No. 25 has not rebutted this assertion and Plaintiff has therefore established that it lacks the means to obtain Doe No. 25's identifying information, other than by subpoena.

Fourth, Plaintiff has shown that they have a central need to obtain the subpoenaed information to advance the claim. In the absence of a subpoena, Plaintiff has established that it cannot identify potential infringers of its intellectual property rights. Thus, "ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." Sony Music, 326 F. Supp. 2d at 566.

Finally, Doe No. 25 is only entitled to a "minimal expectation of privacy" in the transmission or distribution of copyrighted materials. Id.; see also Arista Records, 604 F.3d at 124 (finding that a Defendant's "expectation of privacy for sharing copyrighted [materials] through an online file-sharing network [is] insufficient to permit him to avoid having to defend against a claim of copyright infringement."

8

Taken together, each of the Sony Music factors favors disclosure, Doe No. 25's "First Amendment right to remain anonymous must give way to plaintiff's right to use to the judicial process to pursue what appear to be meritorious copyright infringement claims." Sony Music, 326 F. Supp. 2d at 567.

Doe No. 25 has contended that she believes her ex-husband downloaded the infringing works. Courts have indeed expressed concerns that an "IP address provides only the location at which one of any number of computer devices may be employed," and thus may be used many individuals. In re BitTorrent, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012) (stating that "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single [copyrighted work] is tenuous, and one that has grown more so over time."). While it is possible that Doe No. 25's ex-husband carried out the allegedly infringing activity attributed to her in the Complaint, at this stage of the litigation, the assertion has little bearing on whether Plaintiff's request for relevant and otherwise discoverable information. See Arista Records, 604 F.3d at 120-22 (finding allegations regarding unlawful downloads to IP

9

addresses of anonymous internet subscribers sufficient to support denial of a motion to quash).

In addition, courts in this district have denied similar motions to quash in similar litigation involving defendants accused of infringing the Plaintiff's copyrights via BitTorrent. See John Wiley & Sons, Inc. v. John Doe Nos. 1-30, No. 12-3782(LTS)(JLC) (S.D.N.Y. May 11, 2012) (Memorandum and Order of Judge Cott, September 19, 2012, Dkt. No. 14); John Wiley & Sons, Inc. v. John Doe Nos. 1-44, No. 12-1568(WHP), 2012 WL 3597075 (S.D.N.Y. Aug. 21, 2012); John Wiley & Sons, Inc v. John Doe Nos. 1-31, No. 12-79(PKC), 2102 WL 573707 (S.D.N.Y. Feb 21, 2012); John Wiley & Sons, Inc. v. John Doe Nos. 1-27, No. 11-7627(WHP), 2012 WL 364048 (S.D.N.Y. Feb. 3, 2012).

Lastly, although Doe No. 25's pro se motion is labeled as a "Motion to Quash," she requests that the Court "desmiss[sic] this case." (Def. Motion at 1). Doe No. 25, however, has provided no basis upon which dismissal should be granted. The motion states only that she believes that her ex-husband, who lived with her at the time of the download, downloaded Wiley's book. The motion does not provide a basis to dismiss the action.

## Conclusion

Upon the facts and conclusions set forth above, the motion of the Defendant to quash the subpoena is denied.

It is so ordered.

**New York, NY**
**December 22, 2012**

_____
ROBERT W. SWEET
U.S.D.J.